## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

DIANE BELL,

                    Plaintiff,

                                                              C.A. No. 25-333

v.

UNIVERSITY OF WISCONSIN HOSPITALS &
CLINICS,

                    Defendant.

## COMPLAINT

### Introduction

1.      Plaintiff Diane Bell ("Plaintiff"), by her undersigned counsel, brings this Complaint against her former employer, Defendant University of Wisconsin Hospitals & Clinics ("Defendant"), for violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.* ("ADEA") and breach of contract under Wisconsin law.

### Jurisdiction and Venue

2.      This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because the case involves a federal question under the ADEA. The Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367(a).

3.      The Court has personal jurisdiction over Defendant under WIS. STAT. § 801.05 because Defendant has established sufficient minimum contacts with the State of Wisconsin.

4.      Venue is proper in this Court under 28 U.S.C. § 1391.

**Exhaustion of Remedies**

5.      Plaintiff filed a charge of discrimination with the State of Wisconsin, Department of Workforce Development, Equal Rights Division ("ERD") on March 25, 2024.

6.      On about January 31, 2025, upon Plaintiff's request, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff her Notice of Right to Sue.

**Parties**

7.      Plaintiff Diane Bell is a 76-year-old resident of the State of Nebraska. At all relevant times, Defendant employed Plaintiff as a traveling Pathologists' Assistant.

8.      Defendant University of Wisconsin Hospitals & Clinics is a major hospital system, which includes the University of Wisconsin Hospital in Madison, Wisconsin, where it employed Plaintiff, and over 100 clinics throughout Wisconsin and Illinois.

**Factual Allegations**

**I.      Plaintiff's Professional Background**

9.      Plaintiff has worked as a traveling Pathologists' Assistant for the past twenty (20) years, holding various contract positions at different hospitals across the country. She currently works in that capacity at a Nashville, TN area hospital.

10.     Plaintiff completed her education over fifty (50) years ago at Lincoln General Hospital's School of Nursing (School of Medical Technology), in Lincoln, Nebraska, which, upon information and belief, ceased operations in 1976.

11.     Plaintiff is qualified as a Pathologists' Assistant through professional experience, receiving three years of on-the-job training as a Pathologists' Assistant, under

the supervision of Dr. Steffan Lacey, at Faith Regional Health Center in Norfolk, NE.

## II.    Plaintiff Contracts with Defendant UWHC

12.    Defendant employed Plaintiff as a traveling Pathologists' Assistant at the University of Wisconsin Hospital's (Madison, WI) Surgical Pathology Department, between June 2021 and May 2023.

13.    Plaintiff was qualified for the Pathologists' Assistant position at Defendant by virtue of her previous on-the-job training.

14.    Defendant initially hired Plaintiff to a 13-week assignment for Summer 2021 ("1st Contract").

15.    Defendant rehired Plaintiff for a second, 12-week term in Summer 2022 ("2nd Contract").

16.    After Summer 2022, Defendant renewed Plaintiff's contract for a 12-week Fall 2022 term ("3rd Contract").

17.    Defendant then renewed Plaintiff's contract for another 12-week Winter/Spring 2023 term ("4th Contract").

18.    At all times, Plaintiff performed her job satisfactorily, meeting or exceeding Defendant's legitimate expectations.

19.    In late February 2023, Plaintiff's supervisor, Manager David Rauch, advised Plaintiff that, to keep her traveling employee status and benefits, she needed to take four (4) weeks off work. Rauch proposed Plaintiff take off May 2023 and then, work twelve (12) weeks, from June 5 to August 28, 2023 (the "5th Contract"), to which Plaintiff agreed.

20.    Plaintiff finished her 4th Contract at the end of April and then took off all

of May 2023.

21.    Believing she would resume employment for Defendant on June 5, 2023, and in reliance on Defendant's promise of employment through at least August 28, 2023, Plaintiff did not seek other work after signing the 5th Contract on March 1, 2023.

22.    Upon information and belief, a traveling Pathologist Assistants' position existed, and was open and available, during the contemplated term of Plaintiff's 5th Contract, *i.e.*, June 5 to August 28, 2023. Defendant had a need to perform the constituent duties of the position during that period.

23.    Rauch privately told Plaintiff that Defendant would likely continue offering her contract extensions throughout the subsequent year, 2024, as well, based on staffing levels.

### III.    Defendant Breaches and Rescinds the 5th Contract

24.    In late May 2023, Rauch called Plaintiff and told her that a newly hired, unnamed HR person at Defendant was claiming that Plaintiff was unqualified for her travel Pathologists' Assistant position because that person was unable to confirm her educational credentials. As a result, Rauch relayed, Defendant had not yet cleared Plaintiff to begin her 5th Contract.

25.    Plaintiff's other supervisor, Manager Lacy Normington, likewise stated to Plaintiff that a specific, newly hired HR official at Defendant was blocking and postponing Plaintiff's June 2023 start, but did not name the person.

26.    Plaintiff is unable to obtain transcripts from the now defunct school. However, Defendant did not legitimately need Plaintiff to produce a transcript from the

same, because she qualified for her position by virtue of her on-the-job training.

27.     Plaintiff qualifications for the travel Pathologists Assistant position are further evidenced by: 1) Defendant *offering* Plaintiff the same exact position, and thus deeming her qualified and eligible for the same, *five (5) times*; and 2) Plaintiff's successful performance of the travel Pathologists Assistant position role the first four (4) terms.

28.     No legal authority actually prohibited Plaintiff's performance of the 5th Contract (nor any prior Contract executed between/for Defendant and Plaintiff).

29.     During those contracts, Defendant never notified Plaintiff of any issues regarding her employment status. It accepted her labor and performance and derived benefit from it.

30.     Plaintiff has never represented that she obtained a degree somewhere else and was never previously asked by Defendant to produce a transcript verifying her education.

31.     To the best of Plaintiff's knowledge, none of Plaintiff's past employers have asked her to produce a transcript from the educational institution she attended 50 years ago. Most traveling pathologist assistant employers in America, including Defendant, accept experience and references "in lieu of educational requirements."

32.     Only after Defendant hired a new HR Director who harbored discriminatory animus against Plaintiff's age did Defendant start to question Plaintiff's qualifications.

33.     Rauch, and Plaintiff's other supervisor, Normington, told Plaintiff that they would "fight" to keep Plaintiff employed there.

34.     Rauch and Normington proposed to HR that Defendant bring Plaintiff back under a lesser title or position. The new HR team refused.

35.     Upon information and belief, Defendant could have employed Plaintiff in a lesser title or position, still supervised by a pathologist, as it required someone to perform the constituent duties of the travel Pathologists' Assistant position.

36.     On June 12, 2023, Defendant relayed to Plaintiff its final decision that she could not work at all for Defendant for Summer 2023, either to perform her Contract or in any other job. In so doing, Defendant materially and unilaterally breached, and thereby terminated, the 5th Contract.

37.     Upon information and belief, UW sought, hired, and employed one (1) or more person or persons that are substantially younger in age than Plaintiff to perform the duties that Plaintiff otherwise would have performed from June 5, 2023 to August 28, 2023, but for Defendant's unlawful and discriminatory breach of the 5th Contract.

38.     Defendant's stated reason for terminating Plaintiff was a pretext for age discrimination. Were there truly any rule or policy forbidding Plaintiff's employment as Pathologist Assistant, Defendant would not have hired Plaintiff to begin with and would not have subsequently hired her *four* (4) *more times*.

39.     Alternatively, if any such rule or policy exists, Defendant selectively enforced the same, with the intent to discriminate, of having had the purpose or effect of discriminating, against Plaintiff based on her age.

40.     Plaintiff made significant purchases in reliance on Defendant's promises.

41.     Plaintiff could have recouped four weeks' wages, or approximately

$8,992.00, but for Defendant's untimely notification that it was breaching the contract. Had Defendant timely notified Plaintiff, instead of doing so in late May on the eve of her anticipated June 5 start date, Plaintiff could have looked for, and most likely secured, a new job beginning May 1, 2023, upon expiration of the 4th Contract.

42.    Instead, Plaintiff forewent searching for work based on Defendant's promise, only to end up in a position where she was fully deprived of income and forced to create debt for herself by taking out credit cards.

43.    Plaintiff started a new job on July 12, 2023 at Mercy Medical Center in Cedar Rapids, IA, partially replacing her lost wages. From July 12, 2023 to August 28, 2023, Plaintiff earned significantly less than she would have had Defendant not breached the contract.

44.    As a result of Defendant's acts and omissions, Plaintiff lost wages equal to at least $16,491.50.

**CAUSE OF ACTION**
**First Count:  Termination/Failure to Hire Based on Age**
(Violation of the ADEA, 29 U.S.C. §§ 621 *et seq.*)

45.    Plaintiff is a member of a protected class by virtue of her age.

46.    Plaintiff was legally qualified for the job described in and contemplated by the 5th Contract. Defendant offered Plaintiff the 5th Contract and Plaintiff accepted it.

47.    Defendant terminated its Contract with Plaintiff because of Plaintiff's age. Alternatively, Defendant failed or refused to hire Plaintiff because of her age.

48.    Defendant retained employees who are substantially younger than Plaintiff for engaging in similar conduct under similar circumstances. Alternatively, Defendant

hired a person, or persons, to perform the Pathologists' Assistant positions or its constituent duties who is, or are, substantially younger than Plaintiff.

49.     Plaintiff has suffered lost wages and other monetary loss because of Defendant's age discrimination, in an amount to be proven at trial.

50.     Plaintiff is entitled to liquidated damages because Defendant's age discrimination was willful. Defendant acted with animus against Plaintiff's age and a desire to exclude her from the workplace on that basis.

## Second Count:  Breach of Contract

51.     Plaintiff was party to a contract with Defendant, *i.e.*, the 5th Contract.

52.     Defendant breached the 5th Contract by rescinding or canceling it, canceling it arbitrarily and without any legitimate basis, and canceling it without providing Plaintiff reasonable advanced notice of its intent to do the same.

53.     As a result of Defendant's breach of contract, Plaintiff has suffered damages including lost income, credit card debt and interest, and other losses and expenses.

## PRAYER FOR RELIEF

**WHEREFOR**E, Plaintiff demands Judgment against Defendant, awarding her:

1.  Appropriate back pay/front pay with prejudgment interest, in amounts to be determined at trial;

2.  Compensation for consequential and incidental damages, including pecuniary losses, caused by Plaintiff's breach of contract;

3.  An award of reasonable attorney's fees and costs under the ADEA, and

4.  Such further relief as the Court deems necessary and proper in the public interest.

Respectfully submitted,

This 30th day of April 2025

*Counsel for Plaintiff Diane Bell*

By:     **O'CONNOR LAW FIRM**

*s/ Patrick M. O'Connor*

PATRICK M. O'CONNOR
Wis. State Bar No. 1094992
PO Box 930133
Verona, WI 53593
(608) 203-6349
pat@wilaborlaw.com